IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| ELIGAH DARNELL, JR. | § | |
| | § | |
| Applicant, | § | |
| | § | |
| | § | |
| VS. | § | NO. 4:09-CV-417-A |
| | § | |
| DEE ANDERSON, Sheriff, | § | |
| Tarrant County, Texas, | § | |
| | § | |
| Respondent. | § | |

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN 19 2010

CLERK, U.S. DISTRICT COURT
By _____
Deputy

MEMORANDUM OPINION
and
ORDER

Came on for consideration the above-captioned action wherein Eligah Darnell, Jr., ("Darnell") is applicant and Dee Anderson, Sheriff, Tarrant County, Texas, is respondent.[1] This is a petition for writ of habeas corpus in which Darnell, a state pre-trial detainee, seeks relief under 28 U.S.C. § 2241. Having considered the application, the response of respondent, the pertinent legal authorities, and Darnell's reply and other supplemental filings, the court concludes that the application should be denied.

---

[1]The title of the document filed by Darnell was "Petition for Writ of Habeas Corpus," and he referred to himself as "petitioner" in the document. Consistent with the wording of 28 U.S.C. § 2241, the court is referring to the document as an "application" and is referring to Darnell as "Darnell" or "applicant."

I.

## Procedural Background

Darnell on March 29, 1989, pleaded guilty to the offense of indecency with a child by contact, and received a sentence of nine years' imprisonment in the Texas Department of Criminal Justice.  On May 28, 2004, Darnell was indicted for the offense of failing to comply with the sexual offender registration requirements, with the date of offense stated as February 9, 2004.  Darnell on September 6, 2005, pleaded guilty to the offense, and was sentenced to two years' imprisonment with the Texas Department of Criminal Justice.

On February 21, 2007, the Tarrant County Grand Jury indicted Darnell for a new offense of failing to comply with the sexual offender registration requirements, with an offense date of August 7, 2006.  On February 21, 2007, the State also announced ready for trial.  Darnell subsequently challenged this new prosecution through a series of applications for habeas relief and appeals to the Second District Court of Appeals and Texas Court of Criminal Appeals.  The Texas Court of Criminal Appeals refused Darnell's application for discretionary review on September 16, 2009.

2

II.

## Claims Presented in the Application

Darnell raises four grounds for relief in his application: (1) collateral estoppel; (2) "bad faith ex post facto statutory construction," App. at 7; (3) double jeopardy; and (4) denial of a right to a fair hearing.

III.

## Analysis

### A.   Exhaustion of Remedies

Respondent initially argued that Darnell failed to fully exhaust his administrative remedies because his petition for discretionary review with the Texas Court of Criminal Appeals was still pending.  Both parties filed supplemental pleadings demonstrating that the Texas Court of Criminal Appeals has now refused the petition.  The court is satisfied that Darnell has exhausted his administrative remedies.  Accordingly, the court will consider the merits of the grounds raised in the application.

### B.   Merits

#### 1. Collateral estoppel

Darnell claims that the state is collaterally estopped from relitigating an issue of fact that was previously determined by a

valid and final judgment.  Specifically, Darnell apparently
contends that in a 1991 hearing concerning his arrest for
unlawfully carrying a weapon, the state district court judge
concluded that the 1989 conviction for indecency with a child was
a non-violent crime for purposes of enhancement under the
provisions of the Texas Penal Code related to carrying a weapon.
Darnell apparently claims that the judge's finding in the 1991
hearing precludes the State from prosecuting him for failure to
register as a sex offender because to do so would require re-
litigating the issue of whether the 1989 offense was a crime of
violence.

As a threshold matter the record before the court contains
no evidence of the findings or conclusions allegedly made by the
state district judge in the 1991 hearing.  Even if the court
accepts those allegations as true, they fail to support Darnell's
claim of collateral estoppel.  The doctrine of collateral
estoppel "means simply that when an issue of ultimate fact has
once been determined by a valid and final judgment, that issue
cannot again be litigated between the same parties in any future
lawsuit."  Ashe v. Swenson, 397 U.S. 436, 443 (1970).  The only
"issue of ultimate fact" in the most recent indictment against
Darnell is his alleged failure to register as a sex offender as

4

required by statute.  The sex offender registration statute
includes indecency with a child in its definition of "sexually
violent offense."  Tex. Crim. Proc. Code Ann. Art.
62.001(6)(A)(2006).  The facts and circumstances of Darnell's
conviction for indecency with a child, and whether or not that
crime is considered one of violence, are not at issue in the
present prosecution.  That his prior conviction is included in
the definition of "violent sexual offense" in the sex offender
registration statute was not an issue before the state court in
the 1991 hearing for unlawful possession of a weapon.  Darnell's
claim of issue preclusion is without merit.

    2. <u>Bad faith ex post facto statutory construction</u>

Darnell's complaint states that "the prosecutors' statutory
construction contravenes rules of statutory construction, the <u>ex
post facto</u> clause, and results in a [sic] arbitrary and
irrational classification pursuant to a bad faith attempt to
prosecute."  App. at 7.  Respondent interprets this claim as
alleging that application of the life-time sexual offender
registration to Darnell's 1989 conviction violates his right to
be free from prosecution under <u>ex post facto</u> laws.  "An ex post
facto law: 1) punishes as a crime an act previously committed
which was innocent when done; 2) changes the punishment and

5

inflicts a greater punishment than the law attached to a criminal

offense when committed; or 3) deprives a person charged with a

crime of any defense available at the time the act was

committed." Rodriguez v. State, 93 S.W.3d 60, 66 (Tex. Crim.

App. 2002) (citing Collins v. Youngblood, 497 U.S. 37, 42-44

(1990)). The only one of the three prongs at issue here is the

second one concerning punishment. The determination of whether a

statute constitutes punishment for constitutional purposes is

made using the "intent-effects test." Id. at 67. Under that

test the reviewing court must consider "whether the legislature

intended the statute to be a criminal punishment" or civil in

nature. Id. With regard to the sex offender registration

statute, the Texas Court of Criminal Appeals has previously

determined that the statute is civil and remedial in nature, so

that its retroactive application is not punishment for purposes

of an ex post facto violation. Id. at 79.

Darnell also appears to contend that the state's retroactive

application of amendments to Texas Penal Code § 21.11(a),

indecency with a child, violate his right against ex post facto

prosecution. Darnell's most recent indictment did not arise

under § 21.11 of the Texas Penal Code, but under the sex offender

registration statute. There is no indication in the record

6

before the court that respondent seeks to apply any amendments to § 21.11 to Darnell in his current indictment. This claim also lacks merit.

3. Double jeopardy

Darnell contends that application by the prosecutor of the definition of "sexually violent" in Article 62.001(6)(A) to his 1989 conviction for indecency with a child violates the constitutional prohibition against double jeopardy by subjecting him to multiple punishments. As interpreted by the Supreme Court, the Double Jeopardy Clause of the Fifth Amendment protects an individual against "successive prosecutions for the same offense after acquittal or conviction and against multiple criminal punishments for the same offense." Monge v. California, 524 U.S. 721, 727-28 (1998). As discussed in section 2, supra, the Texas Court of Criminal Appeals has determined that the sex offender registration statute in Article 62 is not a punishment but is remedial and civil in nature. Rodriguez, 93 S.W.3d at 79. As it is not a "criminal punishment" its application to Darnell cannot violate the Double Jeopardy clause. See Hooks v. State, 144 S.W.3d 652, 654 (Tex. App.--Beaumont 2004, no pet.). This claim also lacks merit.

7

4.  Denial of right to fair hearing

This claim is premised on Darnell's allegation that he was "denied right to present evidence to support a finding that the state was estopped from relitigating the issue of violence with respect to the 1989 conviction" for indecency with a child.  App. at 8.  As discussed previously, Darnell's current indictment arises from a failure to comply with the sexual offender registration requirements in Article 62 of the Texas Code of Criminal Procedure, which includes indecency with a child in its definition of "sexually violent offense."  Darnell has not shown that the prosecutor has or is attempting to relitigate any issues related to the 1989 conviction, but only Darnell's failure to comply with the registration requirements.  This claim also lacks merit.

IV.

Order

Therefore,

For the reasons discussed herein,

The court ORDERS that the application of Darnell for writ of habeas corpus pursuant to § 2241 be, and is hereby, denied.

The court further ORDERS that all motions filed by Darnell in the instant action not previously ruled upon be, and are

8

hereby, denied as moot.

    SIGNED January 19, 2010.

                        JOHN McBRYDE
                        United States District Judge